■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK STAYS, Appellant. [598 NYS2d 327] —Appeal by defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered March 26, 1990, convicting him of assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

Prior to trial, the defendant and his codefendants, with whom he was jointly tried, moved to suppress the identification testimony of certain prosecution witnesses. After a *Wade* hearing, the Supreme Court denied suppression of the in-court identification testimony. The court found that the pretrial identification procedures utilized in this case were merely confirmatory since all three witnesses knew the defendant and his codefendants prior to the commission of the crimes.

During the trial, the People, on direct, did not elicit any testimony regarding the pretrial identification procedures. Nonetheless, on cross-examination, the defense attorneys elicited testimony concerning the pretrial identification procedures, primarily photographic identifications, in an effort to challenge the accuracy of the witnesses' in-court identifications of the defendant and his codefendants.

At the conclusion of the People's case, the defendant's attorney made a motion to re-open the *Wade* hearing arguing that the trial testimony of the prosecution's witnesses indicated that suggestiveness was a factor in the identification, and that they did not know the defendant and the codefendants prior to the crime. Thus, defense counsel contended that the pretrial identification procedures were not confirmatory. The Supreme Court granted the defendant's motion and stated that it would issue a revised *Wade* decision after the trial testimony was complete.

In its revised order, the Supreme Court ruled that the pretrial identification procedures were unduly suggestive, and thus, must be suppressed. However, the Supreme Court denied that branch of the defendant's motion which was to suppress the in-court identification, ruling that an independent source existed.

On appeal, the defendant argues that he was deprived of his due process rights to a fair trial by the Supreme Court's revised *Wade* decision. Specifically, the defendant claims that

he was unduly prejudiced by the court's revised ruling, since, by the time it was rendered, the in-court identifications had already occurred and the defense had been compelled to elicit testimony about the impermissible pretrial identification procedures in front of the jury. We disagree.

We find that the defendant failed to demonstrate how he was prejudiced by the Supreme Court's revised *Wade* decision. Despite the fact that the People failed to elicit any testimony regarding the pretrial identification procedures during their direct case, the defense chose to elicit testimony regarding the pretrial identification procedures in an attempt to challenge the accuracy of the in-court identifications of the defendant and his codefendants. During cross-examination, the defense counsel chose to explore the photographic identifications of the defendant, an area which the People were clearly prohibited from exploring, and in fact did not explore, on their direct case *(see, People v Caserta,* 19 NY2d 18). Under such circumstances, where the defense chose to explore an area which was clearly off-limits to the People, it seems obvious that the decision to do so was purely strategic. As such, we find no support for the defendant's argument that the original *Wade* decision compelled the defense to explore pretrial identification procedures. Consequently, we reject the defendant's argument that the court's revised *Wade* decision deprived the defendant of his due process right to a fair trial.

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Eiber and Pizzuto, JJ., concur.